Richard OWENS, Appellant

v.

Frank PRAVENZARO, Somerset County Sheriff; Charles M. O'Neill, Warden, Somerset County Jail; John Doe (Name Unknown); Ballard, Physician at Somerset County Jail; Nurse Reptus–Quinn, Medical Supervisor.

No. 13–2613.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 29, 2013.

Opinion filed: Sept. 13, 2013.

Richard Owens, Bridgeton, NJ, pro se.

Before: AMBRO, SMITH and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Richard Owens is a New Jersey prisoner. In January 2009, he commenced this civil action pursuant to 42 U.S.C. § 1983, alleging: (1) cruel and unusual punishment while incarcerated at the Somerset County Jail ("SCJ") based on the conditions of his confinement; (2) a physical assault by an unidentified SCJ official; (3) deliberate indifference by SCJ medical staff to his serious medical conditions; and (4) tampering with his legal correspondence by SCJ officials.

In November 2010, after more than 120 days of inactivity, the Clerk issued notice that Owens' case would be dismissed for lack of prosecution in thirty days in accordance with District of New Jersey Local Civil Rule 41.1(a) (the local rule counterpart to Fed.R.Civ.P. 41(b)). In December 2010, the District Court issued an order dismissing the case without prejudice. In December 2012, Owens moved to reopen the case and for appointment of counsel, asserting that his failure to prosecute was due to protracted mental illness.

The District Court denied Owens' motion to reopen, which it construed as brought under Federal Rule of Civil Procedure 60(b)(6). The District Court observed that Owens waited nearly two years before requesting the case be reopened and that, despite claiming mental incapacity, Owens remained capable of pursuing relief contemporaneously in another case pending before the District Court. *See Owens v. Volunteers of Am. Del. Valley–Promise,* D.N.J. Civil No. 1:08–cv–04612. Accordingly, the District Court concluded that Owens failed to seek relief "within a reasonable time" as required by the rule, *see* Fed.R.Civ.P. 60(c)(1), and failed to establish "exceptional circumstances" justifying relief. *See Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir.2002). The District Court also denied the motion seeking appointment of counsel as moot.

Owens appeals pro se. Because we granted him leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. An appeal is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We conclude that there is no arguable basis to find that the District Court abused its discretion in denying Owens'

motion to reopen for the reasons set forth in its opinion. We also agree that his motion seeking appointment of counsel was properly denied. Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).